JANE K. BROWN *et al.*, Plaintiffs-Appellants, *v.* HIGHLAND PARK HOSPITAL *et al.*, Defendants-Appellees.

Second District   No. 78-81

Opinion filed March 26, 1979.

Burton I. Weinstein, of Boehm & Weinstein, of Chicago, for appellants.

Joseph B. Lederleitner and Robert M. Chemers, both of Pretzel, Stouffer, Nolan & Rooney, and Mairen K. Christenson and Robert S. Soderstrom, both of McKenna, Storer, Rowe, White & Farrug, both of Chicago, and Brydges, Riseborough & Morris, of Waukegan, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This appeal is from an order denying plaintiffs' motion to vacate an order of dismissal entered as a sanction for failure to comply with discovery orders. Plaintiff, Jane Brown, was admitted to defendant Highland Park Hospital on May 20, 1973, for diagnosis of the cause of her infertility. She was under the care of defendant Dr. Silbar, and during surgery was anesthetized by defendant Dr. Wechsler. During surgery she suffered a cardiac arrest lasting about six minutes. This suit was filed on May 20, 1975, to recover damages for injuries resulting from the cardiac arrest. Count I alleges negligence; count II is based upon the doctrine of res ipsa loquitur; and count III, brought by her husband, Wesley Brown, is for loss of consortium.

Plaintiffs were served with interrogatories on June 13, 1975. Among other information requested was the name, address and specialty of experts expected to testify at trial; this question was not answered. On September 9, 1975, plaintiffs were ordered by the trial court to comply with discovery. During nearly two years thereafter, the trial court entered eight additional orders for plaintiffs to comply with discovery requesting disclosure of their experts. Plaintiffs having not complied with these orders, the court, on August 25, 1977, granted defendants' motion to dismiss for failure to comply with discovery.

On September 26, 1977 (the 30th day after the dismissal falling on a Saturday), plaintiffs filed a motion to vacate the dismissal, alleging that they had now retained an expert who would be produced for deposition. A hearing on this motion was continued so that the three experts named by the plaintiffs could be deposed. Defendants thereafter filed a motion to

deny plaintiffs' motion to vacate, supported by an affidavit of defendant Silbar's attorney. The affidavit stated that each of the three experts named by plaintiffs had been contacted by defendants and that each stated he was not going to testify for plaintiffs in this cause; further, that plaintiffs had been requested to produce the experts for deposition and that plaintiffs provided no response to this request. On November 17, 1977, the order denying plaintiffs' motion to vacate dismissal was entered for failure to produce expert witnesses on the issue of the medical negligence of the defendants as required by the various discovery orders.

■■■ At the time the instant litigation was commenced, May 20, 1975, section 58(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 58(3)) provided as follows:

> "A party shall not be required to furnish the names or addresses of his witnesses."

On September 19, 1976, while the instant litigation was pending, this section of the Civil Practice Act was amended to read as follows:

> "A party shall not be required to furnish the names or addresses of his witnesses, except that upon motion of any party disclosure of the identity of expert witnesses shall be made to all parties and the court in sufficient time in advance of trial so as to insure a fair and equitable preparation of the case by all parties." (Ill. Rev. Stat. 1977, ch. 110, par. 58(3).)

The foregoing amendment was made by Public Act 79-1434, approved August 20, 1976. Under the terms of the Act, the amendment applies only to civil actions filed after September 19, 1976, the effective date of the Act. Since the present cause was filed prior to the effective date of the amendment which allows disclosure of expert witnesses in discovery, the trial court clearly exceeded its authority under the law governing the case in ordering plaintiffs to disclose the identity of expert witnesses who would testify at trial; therefore it was an abuse of discretion for the trial court to dismiss the cause as a sanction for failure to comply with a discovery order which was beyond the authority of the court to issue. (*Mendelson v. Feingold* (1979), 69 Ill. App. 3d 227, 387 N.E.2d 363.) Under the circumstances we are compelled to reverse the trial court's order dismissing the cause, and we remand for further proceedings.

Reversed and remanded.

SEIDENFELD and NASH, JJ., concur.